# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLARD N. SWANK | : |
|     Plaintiff | : CIVIL ACTION NO. 3:16-0625 |
| | : |
| v. | : (MANNION, D.J.) |
| | : (SAPORITO, M.J.) |
| NANCY A. BERRYHILL[1] | : |
|     Defendant | : |

## O R D E R

Pending before the court is the Report and Recommendation ("Report") of Magistrate Judge Joseph F. Saporito, which recommends that the final decision of the Commissioner denying the plaintiff's claim for disability benefits be vacated and that the case be remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g). (Doc. 18). The defendant has waived the opportunity to object to Judge Saporito's report, (Doc. 21), and the plaintiff has filed no objections. Upon review, the Report will be adopted in its entirety.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

Where no objection is made to a Report and Recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation)). Nevertheless, regardless of whether timely objections are made, the District Court may accept, not accept, or modify in whole or in part the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

On appeal from the Commissioner's decision, the plaintiff argues that (1) the Administrative Law Judge ("ALJ") improperly deemed Swank a non-credible source and thus failed to consider Swank's impairments in combination, (2) the ALJ improperly assigned weight to the medical opinions of record, and (3) the ALJ's hypotheticals posed to the vocational expert ("VE") were improperly formulated.

In carefully considering the plaintiff's claims, Judge Saporito appropriately concludes that (1) the ALJ did not consider all medical source opinions in formulating the plaintiff's residual functional capacity ("RFC"), (2)

the ALJ did not adequately explain which evidence was relied upon, and (3) the ALJ improperly formulated hypothetical questions to the VE. (Doc. 18). Specifically, the ALJ does not point to any medical opinions to determine the plaintiff's work capabilities, which gives the impression that the ALJ based his decision on his own lay opinion over that of the plaintiff's physician. (Doc. 11).

The court has reviewed the reasons presented by Judge Saporito for recommending that this case be remanded to the Commissioner to conduct a new administrative hearing, fully develop the record, and properly evaluate the evidence. Because the court agrees with the sound reasoning that led Judge Saporito to the conclusions in his Report and finds no clear error on the face of the record, the court will adopt the Report in its entirety.

Now, therefore, **IT IS HEREBY ORDERED THAT**:

(1) The Report and Recommendation of Judge Saporito, (Doc. 18), is **ADOPTED IN ITS ENTIRETY**;

(2) The plaintiff's request for a new administrative hearing is **GRANTED**;

(3) The decision of the Commissioner denying the plaintiff's claims is **VACATED**;

(4) The matter is **REMANDED** to the Commissioner to conduct a new administrative hearing pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3); and

(5) The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 9, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2016 ORDERS\16-0625-01.docx